Thomas P. Riley
Law Offices of Thomas P. Riley, P.C.
First Library Square
1114 Fremont Avenue
South Pasadena, CA 91030-3227
CA SBN No. 194706
Fax: 626-799-9795
TPRLAW@att.net
Tel:  626-799-9797

Attorneys for Plaintiff
Innovative Sports Management, Inc.,
d/b/a Integrated Sports Media

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| Innovative Sports Management, Inc., d/b/a Integrated Sports Media,<br><br>    Plaintiff,<br><br>vs.<br><br>Paul Rodriguez, individually and d/b/a Mercado Buenos Aires; and Mercado Buenos Aires, Inc., an unknown business entity d/b/a Mercado Buenos Aires,<br><br>    Defendants. | Case No.:<br><br>COMPLAINT |

**PLAINTIFF ALLEGES:**

### JURISDICTION

1.     Jurisdiction is founded on the existence of a question arising under particular statutes. This action is brought pursuant to several federal statutes, including the

Communications Act of 1934, as amended, Title 47 U.S.C. 605, *et seq.,* and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S.C. Section 553, *et seq,* and California B&P Section 17200, a California state statute.

2.   This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

3.   This Court has personal jurisdiction over the parties in this action as a result of the Defendants' wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial domestic distributor of the televised *Program* hereinafter set forth at length. The Defendants' wrongful acts consisted of the interception, reception, publication, divulgence, display, exhibition, and tortious conversion of said property of Plaintiff within the control of the Plaintiff in the State of California constituting an unfair business practice in violation of the law, including specific California state statutes, more particularly set forth below.

///

///

///

## VENUE

4. Pursuant to Title 47 U.S.C. Section 605, venue is proper in the Central District of California, because a substantial part of the events or omissions giving rise to the claim occurred in this District and/or because, *inter alia,* all Defendants reside within the State of California (28 U.S.C. § 1391(b) and 28 U.S.C. § 84(c)(2)).

## INTRADISTRICT ASSIGNMENT

5. Assignment to the Western Division of the Central District of California is proper because a substantial part of the events or omissions giving rise to the claim occurred in Los Angeles County and/or, the United States District Court for the Central District of California has decided that suits of this nature, and each of them, are to be heard by the Courts in this particular Division.

## THE PARTIES

6. Plaintiff, Innovative Sports Management, Inc., d/b/a Integrated Sports Media, is, and at all relevant times mentioned was, a New Jersey corporation with its principal place of business located at 64 North Summit St., Suite 218, Tenafly, NJ 07670.

7. Plaintiff is informed and believes, and alleges thereon that, at all times relevant hereto, including on Thursday, November 14, 2024, Defendant Mercado Buenos Aires, Inc. was an owner and/or operator, and/or licensee, and/or permittee, and/or an individual with dominion, control, oversight, and management of the commercial

establishment doing business as Mercado Buenos Aires, operating at 7540/42 Sepulveda Blvd, Van Nuys, CA 91405.

8. At all times relevant hereto, including on Thursday, November 14, 2024, Mercado Buenos Aires, Inc. was specifically identified as the primary owner and licensee on the California Department of Alcoholic Beverage Control license (ABC# 614688) issued to Mercado Buenos Aires, Inc. for Mercado Buenos Aires.

9. At all times relevant hereto, including on Thursday, November 14, 2024, Defendant Mercado Buenos Aires Inc was specifically identified as the primary owner and licensee on the City of Los Angeles Tax Registration Certificate (0002383469-0001-2) issued to Mercado Buenos Aires, Inc. for Mercado Buenos Aires.

10. At all times relevant hereto, including on Thursday, November 14, 2024, Defendant Paul Rodriguez was specifically identified as Chief Executive Officer, Chief Financial Officer, Secretary, and Director on the State of California Secretary of State Statement of Information (3038770) issued to Mercado Buenos Aires, Inc. for Mercado Buenos Aires.

///

11. At all times relevant hereto, including on Thursday, November 14, 2024, Defendant Paul Rodriguez was specifically identified as President, Secretary, Stockholder, and Director on the California Department of Alcoholic Beverage Control license (ABC# 614688) issued to Mercado Buenos Aires, Inc. for Mercado Buenos Aires.

12. Plaintiff is informed and believes, and alleges thereon that on Thursday, November 14, 2024 (the date of the *Program* at issue herein, as more specifically defined in Paragraph 19), Defendant Paul Rodriguez had the right and ability to supervise the activities of Mercado Buenos Aires, which included the unlawful interception, receipt, and publication of Plaintiff's *Program*.

13. Plaintiff is informed and believes, and alleges thereon that on Thursday, November 14, 2024 (the date of the *Program* at issue herein, as more specifically defined in Paragraph 19), Defendant Paul Rodriguez, as an individual, had the obligation to supervise the activities of Mercado Buenos Aires, Inc., which included the unlawful interception, receipt, and publication of Plaintiff's *Program,* and, among other responsibilities, had the obligation to ensure that Mercado Buenos Aires operated lawfully at all times.

14. Plaintiff is informed and believes, and alleges thereon that on Thursday, November 14, 2024, (the date of the *Program* at issue herein, as more specifically defined in Paragraph 19), Defendant Paul Rodriguez specifically directed or permitted the employees of Mercado Buenos Aires to unlawfully intercept, receive, and publish Plaintiff's *Program* at Mercado Buenos Aires, or intentionally intercepted, received, and published the *Program* at Mercado Buenos Aires himself. The actions of the employees of Mercado Buenos Aires are directly imputable to Defendant Paul Rodriguez by virtue of his acknowledged responsibility for the operation of Mercado Buenos Aires.

15. Plaintiff is informed and believes, and alleges thereon that on Thursday, November 14, 2024, Defendant Paul Rodriguez, as Chief Executive Officer, Chief Financial Officer, Secretary, and Director of Mercado Buenos Aires, Inc., and as the individual specifically identified as President, Secretary, Stockholder, and Director on the California Department of Alcoholic Beverage Control license (ABC# 614688) issued to Mercado Buenos Aires, Inc. for Mercado Buenos Aires, had an obvious and direct financial interest in the activities of Mercado Buenos Aires, which included the unlawful interception, receipt, and publication of Plaintiff's *Program.*

16. Plaintiff is informed and believes, and alleges thereon that the unlawful broadcast of Plaintiff's *Program* (as more specifically defined in Paragraph 19), as

supervised and/or authorized by Paul Rodriguez, resulted in increased patronage for Mercado Buenos Aires.

17. On Thursday, November 14, 2024 (the date of the *Program* at issue herein, as more specifically defined in Paragraph 19), Mercado Buenos Aires sold food and beverages to its patrons.

## COUNT I

**(Violation of Title 47 U.S.C. Section 605 )**

18. Plaintiff Innovative Sports Management, Inc., d/b/a Integrated Sports Media, hereby incorporates by reference all of the allegations contained in paragraphs 1-17, inclusive, as though set forth herein at length.

19. Pursuant to contract, Innovative Sports Management, Inc., d/b/a Integrated Sports Media, was granted the exclusive nationwide commercial distribution (closed-circuit) rights to the *Paraguay v. Argentina Soccer Match* event telecast nationwide on Thursday, November 14, 2024 (this included all interviews and fight commentary encompassed in the television broadcast of the event, heretofore and referred to as the "*Program*").

20. Pursuant to contract, Plaintiff Innovative Sports Management, Inc., d/b/a Integrated Sports Media, entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of California, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the *Program* within their respective commercial establishments.

21. The *Program* could only be exhibited in a commercial establishment in California if said establishment was contractually authorized to do so by Plaintiff Innovative Sports Management, Inc., d/b/a Integrated Sports Media.

22. As a commercial distributor and licensor of sporting events, including the *Program*, Plaintiff Innovative Sports Management, Inc., d/b/a Integrated Sports Media, expended substantial monies marketing, advertising, promoting, administering, and transmitting the *Program* to its customers, the aforementioned commercial entities.

23. The *Program* originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal to Plaintiff's lawful sub-licensees.

24. On Thursday, November 14, 2024, in violation of Plaintiff Innovative Sports Management, Inc., d/b/a Integrated Sports Media rights and federal law, Defendants intercepted, received and published the *Program* at Mercado Buenos Aires. Defendants also divulged and published said communication, or assisted or permitted in divulging and publishing said communication to patrons within Mercado Buenos Aires.

25. With full knowledge that the *Program* was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, each and every one of the above named Defendants, either through direct action or through actions of employees or agents directly imputable to Defendants (as outlined above), did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the *Program* at the time of its transmission at their commercial establishment located at 7540/42 Sepulveda Blvd, Van Nuys, CA 91405.

26. Said unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition of the *Program* by each of the Defendants was done willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain.

27. Title 47 U.S.C. § 605(a), prohibits the unauthorized interception, receipt, publication and use of communications, including satellite television signals, such as

Page 9

the transmission of the *Program* for which Plaintiff Innovative Sports Management, Inc., d/b/a Integrated Sports Media had the distribution rights thereto.

28. By reason of the aforesaid mentioned conduct, the aforementioned Defendants, and each of them, violated Title 47 U.S.C. Section 605, *et seq.*, either directly or, in the case of Defendant Paul Rodriguez, contributorily or vicariously.

29. By reason of the Defendants' violation of Title 47 U.S.C. Section 605*, et seq.*, Plaintiff Innovative Sports Management, Inc., d/b/a Integrated Sports Media, has the private right of action pursuant to Title 47 U.S.C. Section 605.

30. As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff Innovative Sports Management, Inc., d/b/a Integrated Sports Media, is entitled to the following from each Defendant:

  (a) Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. § 605(e)(3)(C)(i)(II);

  (b) Statutory damages for each willful violation in an amount to $100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii); and

  (c) The recovery of full costs, including reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

## COUNT II

### (Violation of Title 47 U.S.C. Section 553)

31. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-30, inclusive, as though set forth herein at length.

32. 47 U.S.C. § 553 prohibits the interception or receipt of communications offered over a cable system absent specific authorization.

33. The unauthorized interception and receipt of the *Program* by the above named Defendants was prohibited by Title 47 U.S.C. § 553, *et seq.*

34. By reason of the aforesaid mentioned conduct, the aforementioned Defendants violated Title 47 U.S.C. Section 553, *et seq.* either directly or, in the case of Defendant Paul Rodriguez, contributorily or vicariously.

35. By reason of the Defendants' violation of Title 47 U.S.C. Section 553, *et seq.*, Plaintiff Innovative Sports Management, Inc., d/b/a Integrated Sports Media, has the private right of action pursuant to Title 47 U.S.C. Section 553.

36. As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 553, Plaintiff Innovative Sports Management, Inc., d/b/a Integrated Sports Media, is entitled to the following from each Defendant:

  (a)  Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(A)(ii);

  (b)  Statutory damages for each willful violation in an amount to $50,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(B);

  (c)  The recovery of full costs pursuant to Title 47 U.S.C. § 553 (c)(2)(C); and

  (d)  In the discretion of this Honorable Court, reasonable attorneys' fees, pursuant to Title 47 U.S.C. § 553(c)(2)(C).

## COUNT III

### (Conversion)

37. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-36, inclusive, as though set forth herein at length.

38. By their aforesaid acts of interception, reception, publication, divulgence, display, and/or exhibition of the *Program* at their commercial establishment at the above-captioned address, the aforementioned Defendants, tortuously obtained possession of the *Program* and wrongfully converted same for their own use and benefit.

39. The aforesaid acts of the Defendants were willful, malicious, egregious, and intentionally designed to harm Plaintiff Innovative Sports Management, Inc., d/b/a

Integrated Sports Media, by depriving Plaintiff of the commercial license fee to which Plaintiff was rightfully entitled to receive from them, and in doing so, the Defendants subjected the Plaintiff to severe economic distress and great financial loss.

40. Accordingly, Plaintiff Innovative Sports Management, Inc., d/b/a Integrated Sports Media, is entitled to both compensatory, as well as punitive and exemplary damages, from aforementioned Defendants as the result of the Defendants' egregious conduct, theft, and conversion of the *Program* and deliberate injury to the Plaintiff.

## COUNT IV

**(Violation of California Business and Professions Code Section 17200, *et seq*.)**

41. Plaintiff hereby incorporates by reference all of the allegations contained in Paragraphs 1-23, inclusive, as set forth herein at length.

42. By contract, Plaintiff Innovative Sports Management, Inc., d/b/a Integrated Sports Media, was granted exclusive domestic commercial exhibition closed-circuit rights to the *Program*.

43. Plaintiff did not authorize transmission, interception, reception, divulgence, exhibition, or display of the *Program* to the general public, persons at large, or to the commercial establishment operated by the foregoing Defendants, or any of them.

44. With full knowledge that the *Program* was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, the above named Defendants, either through direct action or through actions of employees or agents directly imputable to Defendants by virtue of their respective positions and authority, did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the *Program* at the real time transmission of the *Program's* broadcast at the commercial establishment, as more particularly indicated and identified above.

45. Plaintiff is informed and believes and alleges thereon that the Defendants and/or their agents, servants, workmen, or employees performed the aforementioned acts knowingly, willfully and to confer a direct or indirect commercial advantage and/or private financial gain to the Defendants, to the detriment and injury of Plaintiff and its business enterprise as a commercial distributor and closed-circuit licensor of sports and entertainment television programming.

46. The Defendants' unauthorized interception, publication, divulgence and/or exhibition was done by the Defendants wantonly, recklessly, and without regard whatsoever for the intellectual property rights of the Plaintiff.

47. The aforementioned unlawful acts of each of the Defendants constituted unlawful, untrue, fraudulent, predatory, unfair, and deceptive trade practices, and by

reason of the aforementioned conduct, the Defendants violated California and Professions Code Section 17200, *et seq.*

48. As a proximate result of the aforementioned acts attributable to the Defendants, Plaintiff has been permanently deprived of the patronage of current, previous and potential customers of the sports and entertainment programming it licenses commercially to the hospitality industry, all to its severe financial injury and loss in a sum to be determined at trial.

49. By reason of the Defendants' violation of California Business and Professions Code Section 17200, *et seq.*, Plaintiff Innovative Sports Management, Inc., d/b/a Integrated Sports Media is entitled to restitution for its injuries, the disgorgement and turn-over of the Defendants' ill-gotten gains, as well as injunctive and declaratory relief, as an alternative to any damages and relief that may be recoverable for Counts I-III for which there is no adequate remedy at law, from each of the aforementioned Defendants as may be made more appropriately determined at trial.

50. Plaintiff is entitled to its attorneys' fees from the Defendants for enforcing California Business and Professions Code Section 17200 as it meets the standards of a private attorney general as specifically and statutorily defined under California Civil Procedure Section 1021.5.

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

**As to the First Count:**

1. For statutory damages in the amount of $110,000.00 against the Defendants, and each of them;

2. For reasonable attorneys' fees as mandated by statute;

3. For all costs of suit, including, but not limited to, filing fees, service of process fees, investigative costs; and

4. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Second Count:**

1. For statutory damages in the amount of $60,000.00 against the Defendants, and each of them;

2. For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute;

3. For all costs of suit, including, but not limited to, filing fees, service of process fees, investigative costs; and

4. For such other and further relief as this Honorable Court may deem just and proper.

///

///

**As to the Third Count:**

1. For compensatory damages in an amount according to proof against the Defendants, and each of them;
2. For exemplary damages against the Defendants, and each of them;
3. For punitive damages against the Defendants, and each of them;
4. For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute;
5. For all costs of suit, including, but not limited to, filing fees, service of process fee, investigative costs; and
6. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Fourth Count:**

1. For restitution to the Plaintiff in an amount according to and from the Defendants, for their ill-gotten gains;
2. For declaratory relief;
3. For prohibitory and mandatory injunctive relief;
4. For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute;
5. For all costs of suit, including, but not limited to, filing fees, service of process fees, investigative costs; and

6. For such other and further relief as this Honorable Court may deem just and proper.

Respectfully submitted,

Date: November 13, 2025  /s/ Thomas P. Riley
**LAW OFFICES OF THOMAS P. RILEY, P.C.**
By: Thomas P. Riley
Innovative Sports Management, Inc.,
d/b/a Integrated Sports Media

///

///

///

///

///

///

///

///

///